IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-00024-SKC

WILLIAM DAVID DEYNES,

        Plaintiff,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This action is before the Court pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33 and 1381-83(c), for review of the Commissioner of Social Security's final decision denying William David Deynes application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

On March 15, 2019, the parties consented to the magistrate judge's jurisdiction to "conduct any and all further proceedings in this case, including the trial, and [to] order the entry of final judgment." [#13.][1] Accordingly, the case was referred to this Court on June 5, 2019. [#20.] The Court has carefully considered the Complaint [#1], Plaintiff's Opening Brief [#17], Defendant's Response Brief [#18], Plaintiff's Reply [#19], the entire case file, the Social Security Administrative Record ("AR"), and the applicable law. For the following reasons, the Court REVERSES and REMANDS the Commissioner's decision for further proceedings.

---

[1] The Court uses "[#___]" to refer to specific docket entries in CM/ECF.

1

## A. BACKGROUND

In September 2015, Plaintiff William David Deynes filed an application for SSI and DIB, alleging a disability onset date of July 7, 2014. [AR at 34.] Plaintiff alleged that his ability to work was limited by bilateral shoulder pain, rotator cuff tears, degenerative disc disease, herniated discs, radiating pain in the lower extremities, depression, and asthma. [*Id.* at 281.] Plaintiff was born on October 1, 1975, and was 38 years old on the date of his alleged disability onset. [*Id.* at 46, 277.] He completed the 11th grade and has previous work experience as a landscaping crew leader, a laborer for a tree service, and a delivery truck driver. [*Id.* at 282.] After his initial application was denied, Plaintiff requested a hearing, which—after a delay to obtain additional medical records—was ultimately held on September 12, 2017, before Administrative Law Judge Kathryn D. Burgchardt ("ALJ"). [*Id.* at 60-96, 149-49.] Plaintiff was represented by counsel at the hearing.

Following the ALJ's decision denying his petition, Plaintiff requested review by the Appeals Council. [*Id.* at 227-30.] The Appeals Council denied his request on January 29, 2016. [*Id.* at 1-9.] The decision of the ALJ then became the final decision of the Commissioner. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff filed this action on January 4, 2019. [#1.] The Court has jurisdiction to review the final decision of the Commissioner. 42 U.S.C. § 405(g).

## B. DISABILITY FRAMEWORK

A person is disabled within the meaning of the Social Security Act "only if his physical and/or mental impairments preclude him from performing both his previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-cv-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (quoting

42 U.S.C. § 423(d)(2).) "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15–cv–00230–JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original, quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 97234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at step three with no need to proceed further in the five-step analysis. 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step").[2] Between the third and fourth steps, the ALJ must assess the claimant's residual functional capacity ("RFC"). *Id.* § 404.1520(e). The claimant has the burden of proof in steps one through four. The Commissioner bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

On November 24, 2017, the ALJ issued her decision denying benefits. [AR at 31-52.] The ALJ's opinion followed the five-step process outlined in the Social Security regulations. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since July 7, 2014. [*Id.* at 36.] At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disorder; asthma; chronic pain – bilateral shoulders, bilateral hips, and left knee; obesity; and depression. [*Id.* at 37.] At step three, the ALJ found that Plaintiff did not have an impairment that met or medically equaled a listed impairment. [*Id.* at 37-39.]

> She then found he had a residual functional capacity ("RFC")
>
> to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: the claimant would require work that is unskilled, with an SVP of 1 or 2, requiring only simple decision making and routine tasks;

---

[2] Throughout this opinion, while the Court may cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits, identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

> not in close proximity to coworkers or supervisors, meaning that the individual could not function as a member of a team, and minimal to no direct contact with the public. He can only lift and carry up to 10 pounds frequently and 20 pounds occasionally, however this individual could stand or walk with normal breaks for a total of only two hours in an eight hour work day, but could still sit with normal breaks for a total of six hours in an only two hours in an eight hour workday; he can perform pushing and pulling motions with the upper and lower extremities within the weight restrictions given. Due to asthma, the individual should be restricted to a relatively clean work environment, meaning low levels of pollutants. He can perform postural activities occasionally, and those would be climbing of ramps and stairs, and stooping; he should not climb any ladders, ropes, and scaffolds; overhead reaching with the right upper dominant extremity is limited to only occasionally; and he can perform simple reading and writing only.

[*Id.* at 39-40.]

At step four, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work. [*Id.* at 46.] However, the ALJ also concluded that there were other jobs in the economy that Plaintiff could perform, including electronics worker, collator operator, or small product assembler. [*Id.* at 47.] Because there were a significant number of jobs that Plaintiff could perform, the ALJ found that he did not meet the definition of "disabled" for purposes of the Social Security Act. [*Id.*] Accordingly, Plaintiff's applications for SSI and DIB were denied.

## C. STANDARD OF REVIEW

In reviewing the Commissioner's final decision, the Court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record as a whole. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *Angel v. Barnhart,* 329 F.3d 1208, 1209 (10th Cir. 2003). The Court may not reverse an ALJ simply because it may have reached a different result based on the record; the question instead is whether there is substantial evidence

5

showing that the ALJ was justified in her decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty,* 515 F.3d at 1070 (internal citation omitted). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## D.  ANALYSIS

Plaintiff makes several arguments on appeal. One of those arguments — the ALJ erred in her evaluation of treating source opinions — is sufficient on its own to warrant reversal. Therefore, the Court declines to address the remaining contentions as they may be impacted on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").

Dr. Francis Joseph, M.D., treated Plaintiff for nearly a year for his complaints of shoulder and back pain. [AR at 616.] In his treatment notes, Dr. Joseph noted that Plaintiff

had chronic low back pain that was not making any progress, as well as a history of shoulder pain that prevented him from holding his hands up or lifting heavy weights. [*Id.* at 588, 602.]

In July 2017, Dr. Joseph completed a "Physical Residual Functional Capacity Questionnaire." [*Id.* at 616-19.] In this statement, Dr. Joseph limited Plaintiff to sitting, standing, and walking for less than two hours in an eight-hour day. [*Id.* at 617.] Dr. Joseph also stated that Plaintiff would need a job that permitted shifting positions at will and would require unscheduled breaks of 45 minutes throughout the day. [*Id.* at 618.] He also opined that Plaintiff should rarely lift amounts of 10 pounds and should never lift 20 pounds or more. [*Id.*] Dr. Joseph also predicted that Plaintiff would miss more than four days of work per month due to his ailments. [*Id.* at 619.] The ALJ concluded that Dr. Joseph's opinions were entitled to little weight.[3] [*Id.* at 44.]

When considering the opinions of a treating physician, the ALJ must "give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). In the Tenth Circuit, courts require a level of specificity sufficient "to make clear to any subsequent reviewer the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* In the absence of such articulation, the Court cannot determine whether there is sufficient evidence to support the ALJ's conclusions or if the ALJ even applied the appropriate legal standard. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). There can be no meaningful review absent express findings

---

[3] Although not explicitly addressed, as it should have been, it is apparent that the ALJ concluded that these findings were not entitled to controlling weight.

7

explaining the weight assigned to the treating physician's opinions. *Watkins*, 350 F.3d at 1301.

The opinions of a treating source are entitled to controlling weight when they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2); *see also Watkins*, 350 F.3d at 1300. Further, they cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. 20 C.F.R. § 404.1527(c)(2). Good cause may be found when an opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Under the regulation, even when a treating source is not given controlling weight, "[t]reating source medical opinions are . . . entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p). The Tenth Circuit has set forth those factors as

> (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1301 (internal quotation marks omitted). Although the ALJ's decision need not include an explicit discussion of each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), the record must reflect that the ALJ considered every factor in the weight calculation. *See* 20 C.F.R. § 404.1527(c)(2) ("[W]e apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion."); SSR 96–2p, 1996

8

WL 374188, at *4 ("Treating source medical opinions . . . must be weighed using *all* of the factors provided . . . ." (emphasis added)).

In discussing Dr. Joseph's opinion, the ALJ recounted some, although not all, of the restrictions that Dr. Joseph recommended and labeled them as "inconsistent with the evidence." [AR at 44.] However, the ALJ did not discuss with any specificity how these opinions were inconsistent with the medical records and did not make any citations to the record that would guide this Court's review.[4]

To be sure, certain evidence supports Dr. Joseph's opinion, including MRIs reflecting neural canal stenosis, root compression, degenerative changes to the spine, moderate disc herniation, and straightening of the lumbar spine suggesting muscle spasm. [AR at 477.] In addition, the medical records include treatment notes from other providers that show positive findings for pain, palpable trigger points, radiculopathy, and a history of pain medications, occipital blocks and steroid injections. [*Id.* at 371, 373, 375, 386, 393.] Furthermore, Dr. Joseph's opinion is, at minimum, consistent with the opinions of two other medical providers, Dr. Brumlik and Dr. Jinkins.[5] Given these circumstances,

---

[4] The ALJ apparently found Dr. Joseph's recommendation that Plaintiff could only walk two blocks at a time to be inconsistent because Plaintiff reported that he could walk three blocks. [AR at 44.] The Court questions whether the difference of a single block constitutes substantial evidence such that a treating physician's opinions warrant little weight. Furthermore, the Court notes that Plaintiff reported he could walk <u>two</u> to three blocks. [AR 297.] Thus, it is not clear that Dr. Joseph's recommendation was inconsistent with the other record evidence. The ALJ also noted that Plaintiff was able to sit through a 40-minute hearing despite Dr. Joseph's statement that he could sit no more than 20 minutes. That Plaintiff was able to sit for a longer period on a single occasion also does not equate to substantial evidence.

[5] In citing this evidence, the Court does not give it any particular weight. Rather, it makes these observations to highlight the inherent difficulty in determining whether the ALJ's reasoning was justified, given the dearth of citation to the administrative record in the ALJ's decision.

and the ALJ's failure to explain the purported inconsistencies or offer citations to the record, "the ALJ's reasons for rejecting that opinion are not sufficiently specific to enable this court to meaningfully review [her] findings." *Praytor v. Comm'r of SSA*, 750 F. App'x 723, 728 (10th Cir. 2018); *see also Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (remanding because the ALJ failed to explain or identify the "claimed inconsistencies" between treating physician's opinion and substantial evidence). Furthermore, given the conclusory nature of the ALJ's findings, the Court cannot state with confidence that—even if Dr. Joseph is not entitled to controlling weight—the ALJ considered the other factors as set out above. This should also be considered on remand.

Similarly, with respect to Dr. Jinkins' RFC questionnaire, the ALJ stated, without explanation, that the assessed limitations were "not consistent with or supported by the record." [AR at 45.] As discussed above, however, there is at least some medical record support for Dr. Jinkins' limitations on Plaintiff's ability to sit, stand, and lift. Without further explanation from the ALJ, the Court cannot adequately evaluate her conclusion that Dr. Jinkins was not entitled to controlling weight or any deference.[6]

In the Response, Defendant makes various observations regarding inconsistencies in the record that would support the ALJ's ultimate conclusions regarding these treating providers. [#18 at 9-13.] However, in reviewing the ALJ's opinion, the Court must avoid a "post hoc effort to salvage the ALJ's decision." *Robinson v. Barnhart*, 366

---

[6] The ALJ also faulted Dr. Jinkins for opining that Plaintiff was incapable of even low stress jobs and then also checking the box stating that Plaintiff needed a job that permitted shifting positions at will. She also found that Dr. Jinkins had opined on Plaintiff's mental limitations without further explanation. Given the nature of the RFC questionnaire, this is a cramped and miserly reading of Dr. Jinkins' opinions, particularly since the majority of the questionnaire addressed Plaintiff's physical limitations, which was consistent with the nature of Dr. Jinkins' treatment.

F.3d 1078, 1084-85 (10th Cir. 2004) (internal quotation marks omitted). Rather, the Court must evaluate the determination "based solely on the reasons stated in the decision." *Id*. Here, the ALJ has failed to explain the purported inconsistencies and this Court will not "overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Robinson*, 366 F.3d at 1084-85. The case must be remanded for further explanation, with citations to the record, supporting the basis for the weight the ALJ assigned to Dr. Joseph's and Dr. Jinkins' opinions.[7]

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is REMANDED for further proceedings consistent with this opinion. Plaintiff is awarded his costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

DATED: March 19, 2020.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[7] By this decision, the Court is neither finding nor implying that Plaintiff is or should be found to be disabled.